UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DARREN GILBERT,

    Plaintiff,

  v.

BAGGA GRANDSONS INC., et al.,

    Defendants.

No. 2:22–cv–01300–KJM–KJN

<u>FINDINGS AND RECOMMENDATIONS AND ORDER</u>

Presently pending before the court is plaintiff Darren Gilbert's ("plaintiff") motion for default judgment against defendants Bagga Grandsons Incorporated LLC (d/b/a Stop & Shop Food Market) and Lakhbir & Sukhbir, LLC ("defendants").[1] (ECF No. 10.) After defendants failed to file an opposition to the motion in accordance with Local Rule 230(c), the motion was submitted on the record and written briefing pursuant to Local Rule 230(g). (ECF No. 12.)

For the reasons discussed below, the court now recommends that plaintiff's motion for default judgment be GRANTED.

///

///

///

---

[1] This motion is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Local Rule 302(c)(19).

1

I. Background

This is a civil rights action filed by plaintiff under Title III of the Americans with Disabilities Act of 1990 (42 U.S.C. §§ 12181-12189) ("ADA") and related California statutes, alleging discrimination at the store known as Stop & Shop Food Market, located at 6007 Dry Creek Road in Rio Linda, California. (See generally ECF No. 1.) Defendants own and operate the Stop & Shop Food Market and the real property in and on which the facility is located. (Id. at ¶ 7.) Plaintiff is a physically disabled man who relies on a wheelchair, knee scooter, or prosthetic for mobility. (Id. at ¶ 8.)

Plaintiff alleges that on February 17, 2022, he visited the Stop & Shop Food Market to purchase refreshments. (Id. at ¶ 10.) Plaintiff parked in the designated accessible parking stall, but found that the access aisle next to his parking space was too narrow for him to unload from his van. (Id.) As a result, plaintiff was unable to unload from his van safely and could not enter the Stop & Shop Food Market to make a purchase. Plaintiff seeks statutory damages in the amount of $4,000, attorneys' fees and costs in the amount of $3,850.87, and an injunction requiring the removal of the barriers to plaintiff's access. (ECF No. 10-1 at 11.)

A clerk's default was entered against defendants on September 30, 2022, due to defendants' failure to respond to the action within the time permitted by the Federal Rules of Civil Procedure. (ECF No. 7.) Plaintiff filed the instant motion on November 17, 2022. (ECF No. 10.)

II. Legal Standard – Default Judgment

Pursuant to Federal Rule of Civil Procedure 55, default may be entered against a party against whom a judgment for affirmative relief is sought who fails to plead or otherwise defend against the action. See Fed. R. Civ. P. 55(a). However, "[a] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citing Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986)). Instead, the decision to grant or deny an application for default judgment lies within the district court's sound discretion. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). In making this determination, the court considers the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Default judgments are ordinarily disfavored. Id. at 1472.

As a general rule, once default is entered, well-pleaded factual allegations in the operative complaint are taken as true, except for those allegations relating to damages. TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam) (citing Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977) (per curiam)); accord Fair Housing of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002). In addition, although well-pleaded allegations in the complaint are admitted by a defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (citing Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978)); accord DIRECTV, Inc. v. Hoa Huynh, 503 F.3d 847, 854 (9th Cir. 2007) (stating that a defendant does not admit facts that are not well-pled or conclusions of law); Abney v. Alameida, 334 F. Supp. 2d 1221, 1235 (S.D. Cal. 2004) ("[A] default judgment may not be entered on a legally insufficient claim"). A party's default does not establish the amount of damages. Geddes, 559 F.2d at 560.

III. Discussion

A. The Eitel Factors Weigh in Favor of Granting Default Judgment

1. *Factor One: Possibility of Prejudice to Plaintiff*

The first Eitel factor considers whether the plaintiff would suffer prejudice if default judgment is not entered, and such potential prejudice to the plaintiff militates in favor of granting a default judgment. See PepsiCo, Inc., 238 F. Supp. 2d at 1177. Here, plaintiff would potentially face prejudice if the court did not enter a default judgment. Absent entry of a default judgment, plaintiff would be without another recourse against defendants. Accordingly, the first Eitel factor favors the entry of a default judgment.

   2. *Factors Two and Three: The Merits of Plaintiff's Substantive Claims and the Sufficiency of the Complaint*

  The court considers the merits of plaintiff's substantive claims and the sufficiency of the complaint together below because of the relatedness of the two inquiries.  The court must consider whether the allegations in the complaint are sufficient to state a claim that supports the relief sought.  See Danning, 572 F.2d at 1388; PepsiCo, Inc., 238 F. Supp. 2d at 1175.

    a. ADA

  Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Discrimination includes "a failure to remove architectural barriers . . . in existing facilities . . . where such removal is readily achievable."  Id. § 12182(b)(2)(A)(iv); see also Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 945 (9th Cir. 2011) (en banc).  The ADA defines the term "readily achievable" as "easily accomplishable and able to be carried out without much difficulty or expense." 42 U.S.C. § 12181(9).

  "To prevail on a Title III discrimination claim, the plaintiff must show that (1) [he or she] is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of [his or her] disability." Molski v. M.J. Cable, Inc., 481 F.3d 724, 730 (9th Cir. 2007).  Furthermore, "[t]o succeed on a ADA claim of discrimination on account of one's disability due to an architectural barrier, the plaintiff must also prove that: (1) the existing facility at the defendant's place of business presents an architectural barrier prohibited under the ADA, and (2) the removal of the barrier is readily achievable." Parr v. L & L Drive-Inn Rest., 96 F. Supp. 2d 1065, 1085 (D. Haw. 2000); accord Hubbard v. 7-Eleven, Inc., 433 F. Supp. 2d 1134, 1138 (S.D. Cal. 2006).

  Here, plaintiff's complaint alleges that:  (1) he is disabled (ECF No. 1 at ¶ 8 ); (2) defendant owns, leases, and/or operates the Stop & Shop Food Market, which is a place of public

accommodation (id. at ¶¶ 7, 9); (3) plaintiff was denied full and equal access to defendant's facilities, privileges, and accommodations because of plaintiff's disability (id. at ¶ 10); (4) defendant's facility contains a specified architectural barriers—the access aisle at designated accessible parking is too narrow—in violation of the ADA (id. at ¶ 10); and (5) defendant had the means and ability to remove such barriers (id. at ¶ 15). Because plaintiff's allegations are taken as true following the entry of default, the court concludes that plaintiff has met his burden to state a prima facie Title III discrimination claim.

          b.        Unruh Civil Rights Act

The Unruh Civil Rights Act provides: "All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, medical condition, genetic information, marital status, sexual orientation, citizenship, primary language, or immigration status are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal. Civ. Code § 51(b). As expressly provided by statute, a violation of the ADA also constitutes a violation of the Unruh Civil Rights Act. Cal. Civ. Code § 51(f); see also Munson v. Del Taco, Inc., 46 Cal. 4th 661, 664-65 (2009). Here, because plaintiff's complaint properly alleges a prima facie claim under the ADA, plaintiff has also properly alleged facts supporting a claim under the Unruh Civil Rights Act.[2]

Accordingly, the second and third Eitel factors favor the entry of a default judgment.

////

---

[2] Courts may decline to exercise supplemental jurisdiction if "in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c)(4). Many district courts in California decline to exercise supplemental jurisdiction over state disability claims brought alongside ADA claims in federal court. See, e.g., Vo v. Choi, 49 F.4th 1167, 1171–72 (9th Cir. 2022). Here, however, the interests of judicial economy and convenience favor exercising supplemental jurisdiction. Because the ADA is automatically a violation of the Unruh Act, and the Eitel factors favor default judgment on plaintiff's ADA claim, "it makes no sense to decline jurisdiction, […] over a pendent state law claim that that court has effectively already decided." Arroyo v. Rosas, 19 F.4th 1202, 1214 (9th Cir. 2021) (reversing a district court's decision to decline supplemental jurisdiction over an Unruh Act claim where the ADA claim had previously been decided).

5

### 3. *Factor Four: The Sum of Money at Stake in the Action*

Under the fourth factor cited in Eitel, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." PepsiCo, Inc., 238 F. Supp. 2d at 1176-77; see also Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 500 (C.D. Cal. 2003). In this case, plaintiff seeks injunctive relief; statutory damages under the Unruh Civil Rights Act corresponding to one obstructed visit to the Stop & Shop Food Market in the amount of $4,000.00; and attorneys' fees and costs in the amount of $3,850.87. (ECF No. 10-1 at 11.) Although the court more closely scrutinizes the requested statutory damages, attorneys' fees, and costs below, the court does not find the overall sum of money at stake to be so large or excessive as to militate against the entry of default judgment, particularly when reduced for the reasons discussed below. Under these circumstances, the court concludes that this factor favors the entry of a default judgment.

### 4. *Factor Five: The Possibility of a Dispute Concerning Material Facts*

Because the court may assume the truth of well-pleaded facts in the complaint (except as to damages) following the clerk's entry of default, there is no likelihood that any genuine issue of material fact exists. See, e.g., Elektra Entm't Group Inc. v. Crawford, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists"); accord Philip Morris USA, Inc., 219 F.R.D. at 500; PepsiCo, Inc., 238 F. Supp. 2d at 1177. As such, the court concludes that the fifth Eitel factor favors a default judgment.

### 5. *Factor Six: Whether the Default Was Due to Excusable Neglect*

In this case, there is simply no indication in the record that defendant's default was due to excusable neglect. Accordingly, this Eitel factor favors the entry of a default judgment.

### 6. *Factor Seven: The Strong Policy Underlying the Federal Rules of Civil Procedure Favoring Decisions on the Merits*

"Cases should be decided upon their merits whenever reasonably possible." Eitel, 782 F.2d at 1472. However, district courts have concluded with regularity that this policy, standing alone, is not dispositive, especially where a defendant fails to appear or defend itself in an action.

6

PepsiCo, Inc., 238 F. Supp. 2d at 1177; see also Craigslist, Inc. v. Naturemarket, Inc., 694 F. Supp. 2d 1039, 1061 (N.D. Cal. 2010). Accordingly, although the court is cognizant of the policy in favor of decisions on the merits—and consistent with existing policy would prefer that this case be resolved on the merits—that policy does not, by itself, preclude the entry of default judgment.

In sum, after considering and weighing all the Eitel factors, the court concludes that plaintiff is entitled to a default judgment against defendant, and recommends that such a default judgment be entered. All that remains is a determination of the specific relief to which plaintiff is entitled.

### B. Terms of the Judgment to Be Entered

After determining that a party is entitled to entry of default judgment, the court must determine the terms of the judgment to be entered. Plaintiff seeks statutory damages in the amount of $4,000, attorneys' fees and costs in the amount of $3,850.87, and an injunction requiring the removal of the architectural barriers to plaintiff's access. (ECF No. 10-1 at 11.) Because plaintiff satisfactorily alleged his ADA claim, the court recommends that plaintiff be granted injunctive relief, as described below, to remedy the architectural barrier at issue. The court also recommends plaintiff be awarded statutory damages in the amount of $4,000.00, which corresponds to his visit to Stop & Shop Food Market ($4,000.00 minimum statutory damages per visit).

Plaintiff seeks attorneys' fees and costs in the amount of $3,850.87. The statutes at issue specifically contemplate the award of attorneys' fees and costs. See 42 U.S.C. § 12205; Cal. Civ. Code § 52(a). Plaintiff requests $743.87 in costs for pre-filing investigation, which are reasonable and should be awarded. (ECF No. 10-2 at ¶¶ 12-13.) Attorney Tanya E. Moore, who has been practicing law for 20 years, spent 8.9 hours of work on this case, at a rate of $300 per hour, for a total of $2,670.00. (ECF No. 10-1 at 7-8.) Paralegal Whitney Law spent 1.5 hours on this matter, at a rate of $115 per hour, for a total of $172.50. (Id.) Paralegal Isaac Medrano spent 2.3 hours on this matter, for a total of $264.50 at $115 per hour. (Id.) The same rates have been found to be reasonable by court in this district and the hours spent appear reasonable. See Block

1  v. Starbucks, 2018 U.S. Dist. LEXIS 154849 at * 17-20 (E.D. Cal. Sept. 10, 2018). The court therefore finds the requested amount of attorneys' fees are also reasonable.

## RECOMMENDATIONS

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for default judgment (ECF No. 10-1) be GRANTED;
2. Judgment be entered in plaintiff's favor and against defendants;
3. Plaintiff be awarded statutory damages in the amount of $4,000.00;
4. Plaintiff be awarded attorneys' fees and costs in the amount of $3,850.87;
5. Plaintiff be granted an injunction requiring defendant to provide a properly configured and identified accessible parking stall and adjacent access aisle that is less narrow and van accessible at the property known as known as Stop & Shop Food Market, located at 6007 Dry Creek Road in Rio Linda, California, in compliance with the accessibility requirements of the Americans with Disabilities Act and California Code of Regulations, Title 24;
6. The Clerk of Court be directed to vacate all dates and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

////
////
////
////

**ORDER**

IT IS ALSO HEREBY ORDERED that plaintiff shall forthwith personally serve a copy of this order and findings and recommendations on defendant at its address at 6007 Dry Creek Road Rio Linda, CA 95673 and file proof of service with the court within seven days of this order.

Dated: August 11, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

gilb.1300